UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jose Hernandez,

        Petitioner,

v.                                          No. 14-cv-4958 (JNE/TNL)
                                              ORDER

United States of America,

        Respondent.

---

      Jose Hernandez is an inmate at the Federal Correctional Institution in Sandstone, Minnesota.  He is there serving a 240-month sentence that was imposed by the United States District Court for the Northern District of Georgia in 2009 after he pled guilty to conspiracy to possess with intent to distribute at least 1,000 kilograms of a mixture containing marijuana. Judgment in a Criminal Case, *United States v. Hernandez*, No. 4:07-cr-20-4 (RLV/WEJ) (N.D. Ga. Apr. 2, 2009), ECF No. 245.

      After  his sentencing, Hernandez appealed to the Eleventh Circuit Court of Appeals.  That direct appeal was dismissed "pursuant to the appeal waiver included in [Hernandez's] plea agreement," ECF No. 309, and the United States Supreme Court subsequently denied his petition for a writ of certiorari, ECF No. 332.

      Since Hernandez's sentence and conviction thus became final, he has filed two motions in the trial court seeking to vacate his sentence under 28 U.S.C. § 2255.  The District Court for the Northern District of Georgia denied the first motion on the merits in 2011.  ECF Nos. 377, 380.  The second, in 2013, was denied for lack of jurisdiction because Hernandez had not obtained the statutorily-required preauthorization from the Eleventh Circuit to file a second or successive § 2255 motion.  ECF Nos. 428, 431, 437.

Now, Hernandez has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 here, in the district of his incarceration.  Hernandez acknowledges that his petition is a collateral attack on his sentence, which must ordinarily be brought in the trial court via a § 2255 motion.  Nevertheless, he argues that his petition is properly filed here under the so-called "savings clause" of § 2255(e), which provides that a habeas petition may be entertained if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."

The United States Magistrate Judge has issued a Report and Recommendation, concluding that the savings clause does not apply here.  Accordingly, the Magistrate Judge recommends that this action be dismissed without prejudice for lack of jurisdiction.

Hernandez did not object to the Report and Recommendation.  After conducting a de novo review of the record, the Court now adopts it.

Based on the files, records, and proceedings herein, and for the reasons discussed above, IT IS ORDERED THAT:

1. Petitioner's Petition for Writ of Habeas Corpus [ECF No. 1] and Motion for Relief under 28 U.S.C. § 2241 [ECF No. 3] are DENIED WITHOUT PREJUDICE.
2. Petitioner's Application to Proceed In Forma Pauperis [ECF No. 2] is DENIED AS MOOT.
3. This action is DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 4, 2015     s/Joan N. Ericksen
                            JOAN N. ERICKSEN
                            United States District Judge